IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

UNITED STATES OF AMERICA,         )
                                  )
               Plaintiff,         )
                                  )
     v.                           )    No.  85 CR 756-1
                                  )
CARLOS CALCANO,                   )
                                  )
               Defendant.         )

                      MEMORANDUM ORDER

Although Carlos Calcano ("Calcano") filed a self-prepared Motion for Correction of Illegal Sentence on May 29, 2007, no copy of that document was ever transmitted to this Court (either by Calcano or by the Clerk's Office).  Hence the matter came to this Court's attention only yesterday, when it received the Government's July 12 filing of its Response to Defendant's Motion for Correction of Illegal Sentence--and thus first learned of the motion's existence.  This Court hastens to deal with the motion.

Because Calcano was convicted and sentenced before November 1, 1987, the now-superseded provision of Fed. R. Crim. P. ("Rule") 35(a) applies to his case--an earlier version that provided in part:

> The court may correct an illegal sentence at any
> time....

That then provides jurisdiction to entertain Calcano's motion on the merits.

In that respect, Count Four of the indictment--a count to which Calcano pleaded guilty, but as to which he now seeks to

challenge one aspect of his sentence--charged him with the knowing and intentional distribution of 954.19 grams of cocaine. And as the government has pointed out in its response, referring to the opinion issued by this Court in <u>United States v. Ortiz</u>, 1988 WL 82582, at *1-*2 (N.D. Ill. 1988), Calcano is incorrect in asserting that the special parole term that was imposed on Count Four of the indictment--was entirely legal (see the version of 21 U.S.C. §841(b)(1)(B) in effect at that time). Indeed, Calcano himself reflects his understanding that "a special parole term, while <u>mandatory for offenses involving less then [sic] one kilogram of a narcotic drug</u> was not authorized for an offense that involved one kilogram or more of a narcotic drug" (Motion at 2, emphasis added).

This Court therefore confirms its jurisdiction to entertain Calcano's current motion under the earlier version of Rule 35(a). But having done so, this Court denies the motion.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 13, 2007